THE CENTRAL RAILROAD AND BANKING CO. *vs.* SMITH.

The action being by a train-hand, for a personal injury alleged to have resulted from the carelessness and negligence of the conductor in ordering the train to leave the station before the plaintiff had time to perform a duty assigned him on top of the train and get down, and the evidence failing to show that the conductor gave the order to start prematurely or improperly, a motion for a nonsuit should have been granted.

December 5, 1888.

Railroads. Damages. Negligence. Master and servant. Evidence. Nonsuit. Before Judge HINES. Washington superior court. March term, 1888.

Reported in the decision.

LAWTON & CUNNINGHAM, for plaintiff in error.

R. W. CARSWELL, contra

BLECKLEY, Chief Justice.

In winter and at night, the weather being very cold and the train behind time, an accident occurred at the station, by which the bell-rope was broken, and it became the duty of Smith, the train-hand, to go on top, reunite the rope, carry one end of it to the engine and have it attached to the bell. The conductor ordered him to do this, but as it was a part of his duty, he would have undertaken it without an order. The train, at the time, was standing still. The night was dark, the wind was blowing, and the roofs of the cars were covered with ice. Smith, carrying a lantern, climbed up by a ladder connected with one of the cars, and having repaired the rope, he started forward to pass to the engine. As the train moved off, the conductor spoke to him. He did not reply. He thought he could reach the engine before the train got too fast, and probably would have succeeded had not the rope got fastened. But it did get fastened so that he had to return along the cars to loose it. Finding that he could not do so, he concluded that he would wrap the rope around a brake-handle and make his way back to the cab; the smoke from the engine being so dense by this time that he could not go forward, and the wind being so high—the speed of the train having become very rapid—that he could not remain on top of the cars without danger of freezing. In his effort to reach the cab, his foot slipped on the ice, and he fell to the ground from the top of the train. He was severely injured by the fall. These, in brief, are the material facts to which he testified on the trial. In the declaration, his injury is attributed alone to the carelessness and negligence of the conductor in ordering the train to leave the station before he (Smith) had time

to perform the duty assigned to him and get down from the top of the cars. It is plain, from his testimony, that both he and the conductor thought it practicable to accomplish the business before the speed of the train would become dangerous, and it is evident that the disappointment of their mutual expectation resulted, not from prematurely starting the train, but from the accident of the rope becoming fast so as to prevent his proceeding with it to the engine as rapidly as he anticipated. He fails to show that he knew less about the situation than the conductor did. Indeed, his opportunity, as he was on the cars, was better than that of the conductor to realize the danger in its full extent. Had he been unwilling to incur the hazard of the train being put in motion whilst he was exposed, he could easily have requested the conductor, either before he went or after he reached the top, not to give the signal for starting until the rope was attached. He knew the train was behind time, and that it was desirable to start as early as practicable. He fails entirely to show that it was the duty of the conductor not to start; and his sole complaint in the declaration is, that he did start the train prematurely. We think the unfortunate result was an incident of the dangers of the service in which he had engaged, and that he could not recover.

One of the rulings of the court on the trial excepted to, and the only one insisted upon here in the argument, was the refusal to grant a motion for a nonsuit. In our opinion, the motion was well-founded and should have been granted.

Judgment reversed.